FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N Y

★ APR 1 3 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIMBERLY ZISCAND, on behalf of herself
and all others similarly situated,

                     Plaintiffs,

       -against-

ARTHUR MURRAY INTERNATIONAL INC., THE
DANCE STUDIO AT PLAINVIEW LTD d/b/a
ARTHUR MURRAY PLAINVIEW, SANRA
COELHO MAGEE, an individual, JOHN EDWARD
MCGEE JR., an individual, MARTIN D. REBELLO,
and JOHN F. KIMMINS, an individual,

                     Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

# CV 12 1841

# WEXLER, J
## LINDSAY, M.

**SUMMONS ISSUED**

Plaintiff, KIMBERLY ZISCAND (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, The Law Office of Borrelli and Associates, P.L.L.C, brings this action for damages and other legal and equitable relief from Defendant ARTHUR MURRAY INTERNATIONAL INC., THE DANCE STUDIO AT PLAINVIEW LTD d/b/a ARTHUR MURRAY PLAINVIEW ("Arthur Murray Plainview"), SANRA COELHO MAGGEE, an individual, MARTIN D. REBELLO, an individual, and JOHN EDWARD MCGEE JR., an individual, and JOHN F. KIMMINS, an individual (collectively as "Defendants"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the New York State Labor Law ("Labor Law"); the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 *et seq.*; the law of conversion; and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1

1. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs amounting to wage and hour violations, as well as collective and class claims of violations of Federal and New York State wage and hour laws.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon the Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon the Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

3. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as the judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in the district.

## PARTIES

5. Plaintiff is a citizen of New York and a resident of Suffolk County, New York. She is the person who has been aggrieved by Defendants' actions.

6. Arthur Murray International Inc. is a franchisor and private corporation with a principal address of 1077 Ponce De Leon Blvd, Coral Gables, Florida, 33134 that owns Arthur

Murray International franchisees all over the United States ("Arthur Murray International").

7. Individual Defendant John F. Kimmins is the Chief Executive Officer of Arthur Murray International.

8. Arthur Murray Plainview is a franchisee of Arthur Murray International with a principal executive office and place of business located 443C South Oyster Bay Road, Plainview, New York, 11803.

9. Individual Defendant Sanra Coelho Magee, a.k.a. Sandra Coelho, a.k.a. Sandra Coelho McGee ("Ms. Magee"), is the Chief Executive Officer of Arthur Murray Plainview with an address of 94 West Hills Road, Huntington Station, New York, 11746.

10. Ms. Magee's husband, individual Defendant John Edward McGee Jr. ("Mr. Edward"), also goes by the alias John Edward, who is readily identified as an American television personality and professional psychic medium. Upon information and belief, Ms. Magee, Mr. Edward, and individual Defendant Martin D. Rebello ("Mr. Rebello") own and operate Arthur Murray Plainview in accordance with Arthur Murray International rules, polices regulations, guidelines, and franchise agreement with Arthur Murray Plainview.

11. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00, and thus subjects the business to the FLSA's overtime requirements. Additionally, all of Defendant's employees are engaged in interstate commerce as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First Cause of Action, as set forth below, as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b) on her own behalf as well as all other dance instructors and non-managerial employees at Arthur Murray International nationwide ("Collective Plaintiffs").

13. Plaintiff defines the FLSA Collective Class as follows: All dance instructors and non-managerial employees working for Arthur Murray International since April 13, 2009 without being properly compensated for their overtime required by the FLSA.

14. During the time in question, Plaintiff has been similarly situated to all such individuals while employed with Arthur Murray International and has been subjected to illegal terms and conditions of employment, including failure and refusal to compensate Plaintiff and all similarly situated dance instructors and non-managerial employees for overtime hours worked during their employment with Arthur Murray International.

15. Plaintiff's claims under the FLSA herein are essentially the same as those of all dance instructors and non-managerial employees of Arthur Murray International in that it is Arthur Murray International's policy to require Collective Plaintiffs work in excess of forty hours per week without compensation much less at the federally mandated rate of time a half.

16. The Collective Plaintiffs under Plaintiff's FLSA claim are readily discernible and ascertainable. All of Collective Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be offered by first class mailings to the last known address in Defendants' possession as soon as the Court determines.

17. The number of Collective Plaintiffs in the class are too numerous to join in a single action, necessitating class recognition.

18. All questions relating to Arthur Murray International's violation of the FLSA share the common factual basis with the Plaintiff. No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiff and the claims are typical of the violations of the FLSA perpetrated by Arthur Murray International.

19. Plaintiff will fairly and adequately represent the interests of the Collective Plaintiffs and has no interests conflicting with the class.

20. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

21. Plaintiff's attorneys are familiar and experienced with class action litigation as well as employment and labor law litigation.

22. The public benefits from the case being brought as a collective action as it saves the Court's time and efforts by reducing the multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

23. The questions of law and fact are nearly identical for all Collective Plaintiffs and therefore proceeding as a collective action is ideal. Without this method, continued violations of the FLSA will undoubtedly continue.

### RULE 23 CLASS ALLEGATIONS—NEW YORK STATE CLAIMS

24. Plaintiff brings the Second Cause of Action as set forth below as a class action pursuant to FRCP Rule 23 on behalf of herself as well as on behalf of all Arthur Murray

5

International dance instructors and non-managerial employees working at Arthur Murray franchise dance studios within the state of New York ("New York State Plaintiffs").

25. Plaintiff defines the New York State Plaintiffs as follows: All Arthur Murray International dance instructors and non-managerial employees working at Arthur Murray franchise dance studios within the state of New York since April 13, 2006, who have been subjected to Arthur Murray International's policies requiring New York State Plaintiffs to work in excess of forty hours per week without compensation for overtime much less at the federally mandated rate of time a half.

26. The number of class members protected by the New York State Labor Law and who have suffered under Arthur Murray International's violation of the labor law, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

27. All questions relating to Arthur Murray International's violation of the New York State Labor Law share the common factual basis with the class representative, Plaintiff Kimberly Ziscand. No claims under the New York Labor Law relating to the denial of overtime pay are specific to Plaintiff or any class member and the claims are typical of the violations of the New York State Labor Law perpetrated by Defendants and alleged in the Second Cause of Action.

28. Plaintiff will fairly and adequately represent the interests of all class members.

29. A class action is superior to all other method and is necessary in order to fairly and completely litigate the violations of the New York State Labor Law which have occurred. Specifically, the violation of the Labor Law's requirements for overtime pay is at issue.

30. The class members under Plaintiff's New York State Labor Law claim are readily discernible and ascertainable. All class members contact information is readily available

from Defendants as such information is likely in their personnel files. Notice of this class action can

31. Plaintiff brings these claims on his own behalf as well as those of the class through her attorneys who are well associated with class action litigation as well as employment litigation.

32. Plaintiff is able to fairly represent and properly protect the interests of the class and has no interests conflicting with the class.

33. The public benefits from this case being brought as a class action as it saves the Court's time and efforts by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual class members creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

34. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides safety against retaliation and/or undue stress and fear for the class members' jobs and continued employment.

35. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without this method, continued violations of the labor law will undoubtedly be permitted to continue.

36. Whether Plaintiff and the class were properly compensated for their overtime hours is a common question which can easily be resolved through the class action process.

**CLASS/COLLECTIVE ACTION ALLEGATIONS**

7

37. At all relevant times herein, Plaintiff, Class Action Plaintiffs, and New York State Plaintiffs ("Plaintiffs") work as dance instructors and/or managerial employees at Arthur Murray franchisee dance studios.

38. At all relevant times herein, Plaintiffs were hourly employees.

39. At all relevant times herein, Plaintiffs were not salaried employees.

40. At all relevant times herein, Plaintiffs would have their wages docked for days off from work.

41. At all relevant times herein, Plaintiffs were supposed to receive commissions and yet these commissions were not paid.

42. At all relevant times herein, Plaintiffs were informed that they would have to work in excess of forty hours per week; did so work in excess of forty hours per week; and yet they were not paid at any rate for their work much less at the legally mandated rate of time and a half.

43. At all relevant times herein, Plaintiffs were instructed as to which hours they could work, which days they could work, and as to which clients they could instruct.

44. At all relevant times herein, Plaintiffs did not have any managerial or supervisory authority.

45. At all relevant times herein, Plaintiffs were not independent contractors.

46. At all relevant times herein, Plaintiffs had monies wrongfully withheld.

47. At all relevant times herein, Plaintiffs were informed that they would have to work in excess of forty hours per week; did so work in excess of forty hours per week; and yet they were not paid at any rate for their work much less at the legally mandated rate of time and a half.

48. At all relevant times herein, Plaintiffs were not exempt from overtime compensation laws and yet they were not paid at any rate for overtime hours worked.

49. At all relevant times herein, New York State Plaintiffs were not compensated their spread of hours pay for hours worked in excess of ten per day.

## NAMED PLAINTIFF'S CLAIMS

50. Plaintiff commenced her employment with Defendant at the Arthur Murray Plainview Dance Studio in Plainview, New York beginning in or around March of 2007 as a dance instructor provided dance related services to Defendant's clientele.

51. Specifically, Plaintiff was instructed to work from 1 p.m. to 10 p.m. Monday through Friday, and she received $400.00 per week as her base.

52. At all relevant times herein, Plaintiff was supposed to receive commissions and yet these commissions were not paid.

53. At all relevant times herein, Plaintiff was not compensated for hours worked in excess of forty per week.

54. At relevant times herein, Plaintiff was instructed to work overtime on Saturdays at various dance competitions and recitals without receiving any compensation for overtime hours work much less at the legally mandated rate of time and a half.

55. At all relevant times herein, Plaintiff was an hourly employee.

56. At all relevant times herein, Plaintiff was not a salary employee.

57. At all relevant times herein, Plaintiff's wages were docked for days missed from work.

58. At all relevant times herein, Plaintiff had no freedom to choose her own hours; choose which clients she could instruct; and choose which days she could work.

59. At all relevant times herein, Plaintiff had no supervisory authority.

60. At all relevant times herein, Plaintiff was not free to choose which client she could instruct during her work shift.

61. At all relevant times herein, Plaintiff was directed to show up for work at hours designated by her employer.

62. At all relevant times herein, Plaintiff was not issued pay stubs in violation of law.

63. At all relevant times herein, Plaintiff worked approximately six days per week; sixty hours per week; between nine and twelve hours per day; and yet she was not compensated for overtime hours worked at any rate whatsoever. Moreover, Plaintiff was not compensated for spread of hours pay for days worked in excess of ten hours.

64. All of Defendants' New York State employees worked similar hours to Plaintiff and they were not compensated for the spread of hours pay for days worked in excess of ten hours.

65. All of Defendants' dance instructors and non-managerial employees were treated and compensated in a manner similar to the manner in which Defendants treated and compensated Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION MADE BY PLAINTIFF ON BEHALF OF ALL COLLECTIVE PLAINTIFFS
*(For violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)*

66. Plaintiff and Collective Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. The conduct alleged herein violates the Fair Labor Standards Act as Defendant Arthur Murray International has failed to compensate Plaintiff, and similarly situated dance instructors and non-managerial employees, for overtime hours worked.

68. These practices are in willful violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND CAUSE OF ACTION MADE BY PLAINTIFF ON BEHALF OF ALL NEW YORK STATE PLAINTIFFS

10

*(For violation of the New York Labor Law §§ 650 et seq.)*

69. Plaintiff and New York State Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

70. The conduct alleged herein violates the New York State Labor Law as Defendants have failed to compensate Plaintiff, and other similarly situated dance instructors and non-managerial employees for overtime hours worked.

71. These practices are in willful violation of the New York Labor Law §§ 650 *et seq.*

**AS AND FOR A THIRD CAUSE OF ACTION MADE BY PLAINTIFF ON BEHALF OF ALL NEW YORK STATE PLAINTIFFS**
*(For violation of 12 N.Y.C.R.R. § 142-2.4)*

72. Plaintiff and New York State Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

73. Plaintiff and New York State Plaintiffs were required to work in excess of 10 hours a day without being compensated for the legally mandated spread of hours pay.

74. These practices were willful and lasted for the duration of the relevant time periods.

75. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

**AS AND FOR A FOURTH CAUSE OF ACTION MADE BY PLAINTIFF ON BEHALF OF ALL NEW YORK STATE PLAINTIFFS**
*(For Violations of the New York Labor Law §§ 190 et. seq.)*

76. Plaintiff and New York State Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

77. Defendants wrongfully deducted from Plaintiff's and Class Action Plaintiffs' wages in violation of all applicable laws.

78. Plaintiff and New York State Plaintiffs did not expressly authorize, in writing, deductions from their respective wages.

79. Defendants wrongfully withheld commissions from Plaintiff and New York State Plaintiffs in violation of law.

80. Defendants failed to issue pay stubs to Plaintiff and New York State Plaintiffs.

81. These practices are in violation of The New York Labor Law.

## AS AND FOR A FIFTH CAUSE OF ACTION MADE BY PLAINTIFF ON BEHALF OF ALL NEW YORK STATE PLAINTIFFS
### *(Conversion)*

82. Plaintiff and New York State Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

83. Defendants wrongfully converted monies rightfully belonging to Plaintiffs and New York State Plaintiffs.

84. Defendant wrongfully withheld and converted commissions from Plaintiff and New York State Plaintiffs.

85. Defendant wrongfully withheld monies from wages earned by Plaintiff and New York State Plaintiffs without written authorizations which constitute fraud and conversion.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself, the FLSA Collective Plaintiffs and the New York State Plaintiffs, demands judgment against Defendants as follows:

1.  Designate this action a Collective Action on behalf of the FLSA Collective Plaintiffs;

2.  Designate this action a Class Action pursuant to FRCP 23 as to all New York State Plaintiffs;

3.  Order Defendants to file with this Court and furnish to counsel a verified list of all names and addresses of all dance instructors and non-managerial employees of Defendants and

any other similarly situated employees were employed by Defendants nationwide from April 13, 2009 to the present;

4.     Order Defendants to file with this Court and furnish to counsel a verified list of all names and addresses of all dance instructors and non-managerial employees of Defendants and any other similarly situated employees were employed by Defendants within New York State from April 13, 2006 to the present;

5.     Enjoin Defendants from further violations of the FLSA and New York Labor Law;

6.     All compensation which Plaintiffs are entitled due to Defendants' failure to compensate for overtime hours worked in violation of the Fair Labor Standards Act including without limitation unpaid overtime compensation and liquidated damages;

7.     All compensation which Plaintiff and New York State Plaintiffs are entitled to due to Defendants' failure to compensate them for overtime hours worked in violation of the New York State Labor Law including without limitation unpaid overtime compensation and liquidated damages;

8.     All damages which Plaintiffs have sustained as a result of Defendants' conduct;

9.     Exemplary and punitive damages in an amount to commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional conduct;

10.     Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

11.     Pre-judgment and post-judgment interest, as provided by law; and

12.     Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: April 13, 2012
       Great Neck, New York

                                Respectfully submitted,

                                **THE LAW OFFICE OF**
                                **BORRELLI & ASSOCIATES, PLLC**
                                *Attorneys for Plaintiffs*
                                1010 Northern Boulevard, Suite 328
                                Great Neck, NY 11021
                                (516) 248-5550

                                DAVID H. ROSENBERG, ESQ. (DR-2705)
                                MICHAEL J. BORRELLI, ESQ. (MB8533)