

DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
www.dlapiper.com

Marc P. Seidler
marc.seidler@dlapiper.com
T 312.368.2160
F 312.251.2194

February 13, 2013

**Overnight and U.S. Mail**

Magistrate Judge Arlene R. Lindsay
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

      RE:    Ziscand et al. v. Arthur Murray International, Inc.
               Case No. 12-CV-1841 (LDW)(ARL)

Dear Judge Lindsay:

      Robert Folks and I represent Defendant Arthur Murray International, Inc. ("AMI") in the above matter. I am writing in response to a letter to the Court dated February 12, 2013, from Plaintiff's counsel Bryan Arbeit. It is AMI's understanding that the Court addressed the issues that Mr. Arbeit is raising, both from the bench on February 6, 2013 and in the Court's October 11th Order. But to the extent that the Court is inclined to address any or all of them either now or at some future date, we respond as follows.

      With respect to the additional document that the Court ordered AMI to produce on February 6, that document together with certain other documents that AMI had previously agreed to produce, are being copied and will be in Plaintiff's hands no later than next Monday. That production, together with a supplemental production being made by the franchisee defendant, The Dance Studio at Plainview, Ltd., should complete discovery allowable at this time based on your rulings on February 6 and 11.. At that point, unless Plaintiff is permitted to file its tardy and unmeritorious motion for leave to amend its amended complaint, we would ask Judge Wexler for leave to file our Rule 56 motion.

      With reference to the other items raised in Mr. Arbeit's letter – a possible motion for 216(b) collective certification of Plaintiff's FLSA action and a possible motion for Rule 23 class certification of her New York labor law claim, that seems to be putting the cart way before the horse. Judge Wexler purposefully converted AMI's motion to dismiss the claims against it based on the theory that AMI was the joint employer of all of its franchisees non-exempt employees into one for summary judgment, which Judge Wexler contemplated would be filed at such time as Your Honor determines that the status of discovery in the case made it amenable to summary judgment and subject to whether Plaintiff was entitled to amend her complaint. Under the Court's scheduling order, discovery closed February 1, 2013 and, as noted above, the few loose

EAST\55049923.1



ends of document production are being concluded. I do not know whether Plaintiff will present a motion for leave to amend, or what it would say, nor do I presume how the Court would rule on such a motion. I doubt that the suggested amendment will alter AMI's intention to file a Rule 56 motion, but obviously whether such a motion is allowed and the contents of the amendment would have some impact on the contents of AMI's summary judgment motion.

AMI is anxious to conclude its involvement in this case as expeditiously as possible. It strikes me that it would be an intolerable burden on the Court and AMI to engage in what would likely be protracted and costly certification processes if, as we believe, AMI is *not* the joint employer of its franchisees' employees. Accordingly, AMI respectfully requests that those issues relating to its liability as a joint employer be addressed before considering class or collective action certification. Unless Plaintiff prevails on her unique theory that a franchisor is deemed to employ its franchisees' employees because it exercises significant control over the franchised business, there is no class action.

Very truly yours,

**DLA Piper LLP (US)**

Marc P. Seidler

MPS:/cm

cc: Mark N. Reinharz, Esq. (mail and email)
Robert L. Folks, Esq. (mail and email)
Bryan Arbeit, Esq. (mail and email)

EAST\55049923.1